**Emmet Earl BURNS, Petitioner-Appellant,**

v.

**John W. WINGO, Warden, Respondent-Appellee.**

**No. 19826.**

United States Court of Appeals, Sixth Circuit.

May 14, 1970.

---

\* Our conclusion that the material claimed as trade secrets is discoverable does not preclude a motion by plaintiff upon remand for a protective order from the district court under Rule 30(b). Cf. Natta v. Zletz, 405 F.2d 99, 101 (7th Cir. 1968).

Emmet Earl Burns in pro per.

John B. Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Commonwealth of Kentucky, Frankfort, Ky., for appellee.

Before EDWARDS and CELEBREZZE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Emmet Earl Burns, petitioner-appellant, appeals from an order of the United States District Court for the Western District of Kentucky at Owensboro, denying his petition for a writ of habeas corpus. The appellant is now confined in the Kentucky State Penitentiary at Eddyville serving a sentence of ten years on his plea of guilty to an indictment charging him with rape of a female over twelve years of age.

On March 21, 1968, about three months after the appellant had been sentenced he filed a motion in the trial court to vacate the judgment and sentence. (Ky. Rules of Cr.Pr. 11.42) He alleged in his motion that he did not have effective assistance of counsel in that his counsel was appointed on the day set for trial and he did not have time to prepare the case, thereby forcing the appellant to plead guilty. He also charged in his motion that his counsel did not advise him of his constitutional right to a trial by jury and only talked him into pleading guilty. He further claims that he was mentally incompetent to comprehend the nature of the case through the use of drugs and that neither his counsel or the court did anything to give him a hearing on the question of insanity.

The trial judge denied the motion without an evidentiary hearing and the appellant appealed to the Kentucky Court of Appeals. The Court of Appeals affirmed the judgment of the trial court on order without opinion. The appellant then filed the petition, now before us, in the District Court for a writ of habeas corpus. The district judge dismissed the petition for the reason that the appellant had not exhausted his state remedies. (Section 2254, Title 28, U.S.C.)

In our opinion the appellant raised a factual question before the trial court, as to the voluntariness of his plea, which required an evidentiary hearing. The Court of Appeals apparently had the trial court record before it and in affirming its judgment must have passed

on the question presented to the trial court. We conclude that this was an exhaustion of state remedies on the pertinent question of whether the appellant's plea was voluntary.

The judgment of the District Court is vacated and the case remanded with instructions to grant the appellant an evidentiary hearing on the issue of the voluntariness of his . plea of guilty in the trial court.