**Charles Francis DAUGHERTY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 19702.**

United States Court of Appeals, Sixth Circuit.

May 14, 1970.

Donald A. Jones, Murray, Ky. (Court-Appointed), for petitioner-appellant; Overby & Jones, Murray, Ky., on brief.

John R. Wilson, Asst. U. S. Atty., Louisville, Ky., for respondent-appellee; Ernest W. Rivers, U. S. Atty., Louisville, Ky., on brief.

Before PECK and McCREE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order denying, without an evidentiary hearing, a motion under 28 U.S.C. § 2255 to vacate a 15-year sentence imposed after acceptance of a plea of guilty to the offense of bank robbery. Petitioner alleged that he had been denied effective assistance of counsel and that his plea of guilty was involuntary. In support of his motion, Daugherty alleged under oath the following facts:

> The petitioner says that on the 4th day of June, 1962, he appeared before the Honorable Roy M. Shelborne [*sic*], Judge, and counsel was appointed.

> The petitioner says that he was held in a cell in the Court building and said counsel came to talk with him—petitioner says that never once did counsel ask him if he were guilty or innocent—The petitioner says that counsel first told petitioner that; [*sic*] if petitioner would plead guilty, he would receive 20 years—petitioner refused and counsel left the cell only to return—saying that he could get the petitioner 15 years run concurrently with the Indiana time—petitioner told the Attorney that he did not want to plead guilty but wanted a jury trial. —The attorney told the petitioner that he was sure to get convicted and he had better be satisfied with the 15 years and go on and plead guilty as the judge said he would give him the maximum sentence should he go to trial.

> The petitioner even though he had never admitted guilt to the attorney got scared and broke down and agreed to plead guilty as he, "the petitioner" could see he'd get no help from the attorney.

On June 4, 1962 the very day counsel was appointed and less than four (4) hours and with only about thirty (30) minutes discussion with counsel, the petitioner entered a plea of guilty and was sentenced to fifteen (15) years on count 2.

The petitioner says that counsel did not initiate or undertake any investigation or question the petitioner as to his guilt or innocence or if the petitioner had a defense, nor did counsel even try to prepare a defense.

The District Court denied the petition, finding that mere allegations of incompetence or inefficiency of counsel were insufficient grounds for relief and that the claim that petitioner's plea of guilty was involuntary was insufficient, because his allegations were "vague and conclusionary and do not present factual issues which require a hearing" and that petitioner had "not named any witnesses or made any showing which might support his contention."

We hold that a petitioner is not required to name witnesses or to make a detailed catalogue of evidence in order to obtain an evidentiary hearing when he has made allegations which, if true, would entitle him to relief. Here petitioner made "detailed factual allegations" of sufficient specificity to require a hearing. *See* Machibroda v. United States, 368 U.S. 487, 489 ff., 82 S.Ct. 510, 7 L. Ed.2d 473 (1962). These allegations, if they can be proved, state a claim on which relief must be granted. Petitioner has alleged that his plea was induced by promises and was therefore void, *Machibroda, supra,* and there is nothing in the record to indicate the contrary, since the trial judge did not inquire into the voluntariness of the plea. Accordingly, an evidentiary hearing is required. *See* Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); Kennedy v. United States, 397 F.2d 16 (6th Cir. 1968). Moreover, petitioner has alleged ineffective assistance of counsel, contending that trial counsel acted perfunctorily, did not ascertain his guilt or innocence, and made no effort to determine whether he had any defenses. These allegations also raise an issue requiring an evidentiary hearing. Fields v. Peyton, 375 F.2d 624 (4th Cir. 1967), and cases cited; Wilson v. Rose, 366 F.2d 611 (9th Cir. 1966) (opinion of Browning, J.). We reverse and remand the case for an evidentiary hearing.

The court expresses its appreciation for the assistance of Donald A. Jones, Esq., who accepted our appointment to represent petitioner.