Charles Francis DAUGHERTY, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 71–1059.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 1972.

---

4. *See* Truck Insurance Exchange v. American Surety Co. of New York, 338 F.2d 811 (9th Cir. 1964).

5. Colo.Rev.Stat. § 73–1–2.

David R. Hood, Detroit, Mich. (Court appointed), on brief for appellant.

James H. Barr, Asst. U. S. Atty., Louisville, Ky., for respondent-appellee; George J. Long, U. S. Atty., Louisville, Ky., on brief.

Before PHILLIPS, Chief Judge, and WEICK and CELEBREZZE, Circuit Judges.

PER CURIAM.

This is an appeal from the District Court's denial, after an evidentiary hearing, of Petitioner's motion under 28 U.S.C. § 2255 to vacate his 15-year sentence which was imposed after Petitioner pleaded guilty in June 1962 to charges of armed bank robbery.

The case was previously before this Court in Daugherty v. United States, 426 F.2d 263 (6th Cir. 1970), wherein this Court reversed the District Court's denial of Petitioner's § 2255 motion and remanded for an evidentiary hearing on Petitioner's claims that his guilty plea was involuntary and that he was denied effective assistance of counsel. On remand, the District Court conducted an evidentiary hearing at which Albert Jones, Esq., and Lloyd Emery, Esq., Petitioner's court-appointed counsel in the 1962 proceedings, and Petitioner, with his then court-appointed counsel, appeared as witness. After reviewing the transcript of the 1962 proceedings, the District Court concluded that Petitioner's guilty plea was not involuntary and that Petitioner was not denied the effective assistance of counsel as alleged.

On the present appeal,[1] Petitioner asserts that the District Court erred in concluding that he was afforded effective assistance of counsel. Specifically, Petitioner contends that the District Court should have granted his § 2255 motion because there was insufficient evidence introduced at the hearing to refute his allegations that his court-appointed counsel never informed him of the charges contained in the indictment and the maximum and minimum penalties thereunder, that they persuaded him to plead guilty with threats of the maxi-

1. By an order of this Court filed September 2, 1971, the Government's motion to dismiss for Petitioner's failure to file a timely brief was referred to this panel. We have determined that the requirement under Rule 31, Fed.Rules App.Proc., should be waived with respect to Petitioner, and the Government's motion is therefore denied.

mum penalty if he went to trial, that they promised him a lesser sentence if he pleaded guilty under a deal they had arranged with the District Judge, that they never questioned him about the case or his actual guilt or innocence, and that they ignored his statements that he desired to plead not guilty. Petitioner asserts that the District Court erred in relying on the testimony and reputations of his court-appointed counsel to refute the above allegations when in fact the two attorneys could not remember having served as counsel to Petitioner and his co-defendant in the 1962 proceedings. It is important to note, however, that Petitioner first filed his § 2255 motion in the District Court nearly seven years after he entered his guilty plea, and more than eight years had elapsed between the 1962 proceedings and the evidentiary hearing. In light of this passage of time, the District Court had no choice but to rely in part on the stature of the District Judge who accepted Petitioner's guilty plea and the reputations of the court-appointed counsel, who testified that their practice was always to inform indigent defendants of the charges against them and the consequences of a guilty plea and that they had never arranged a deal with a trial judge nor persuaded a defendant to plead guilty when he had indicated his desire to go to trial. Hearing transcript at 38–42, 49–51. Moreover, the District Court had the opportunity to observe the demeanor of the witnesses at the hearing, and its Memorandum and Order reveals that the Court compared the testimony with the relevant entries in the transcript of the 1962 proceedings which raise some question as to the merit of Petitioner's claims.[2] We therefore conclude that the District Court did not err in its conclusion that Petitioner failed to meet his burden of showing a denial of effective assistance of counsel asserted in the above allegations. *See* United States v. Breaton, 290 F.2d 856 (6th Cir. 1961); Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958).

Petitioner further argues that even if the District Court was correct in its findings, this Court should grant the § 2255 motion solely on the basis of the apparently undisputed facts that counsel were appointed within a few hours of Petitioner's guilty plea and that they conferred with Petitioner no more than thirty minutes prior to his plea. This Court, however, has held that absent a showing of prejudice to the defendant, the late appointment of counsel does not in itself constitute a denial of effective assistance of counsel. *See e.g.* Callahan v. Russell, 423 F.2d 450 (6th Cir. 1970); United States v. Moore, 419 F.2d 810 (6th Cir. 1969); United States v. Sisk, 411 F.2d 1192 (6th Cir. 1969), cert. denied, 396 U.S. 1018, 90 S.Ct. 584, 24 L. Ed.2d 509 (1970). And although we have recognized inherent prejudice to certain defendants who were forced to proceed to trial within an unreasonably short period after counsel was appointed or retained, Townsend v. Bomar, 351 F. 2d 499 (6th Cir. 1965); United States v. Knight, 443 F.2d 174 (6th Cir. 1971), this Court has expressly refused to adopt a per se rule of reversible error requiring no showing of prejudice where a defendant has pleaded guilty after a late appointment of counsel. Callahan v. Russell, 423 F.2d 450, 454 (6th Cir. 1970). Upon the District Court's find-

---

2. At the evidentiary hearing, Petitioner testified that "[Mr. Jones] just read the charges to me. I assume it was the indictment he read from . . . a piece of paper he had, but I never did see the indictment myself." (Hearing transcript at 14.) At the 1962 proceedings, however, the District Court asked, "Are you familiar, Mr. Daugherty, with the charge in the two counts of this indictment; have you read the indictment and do you understand the charge?" to which Petitioner responded "Yes, sir." (1962 transcript at 5.) Although this and other examples of Petitioner's tenor at the 1962 proceeding do not conclusively refute Petitioner's allegations under his § 2255 motion, the District Court was clearly entitled to consider Petitioner's statements at the 1962 proceedings in determining the merit of his present claims.

ings, we conclude that Petitioner suffered no prejudice through the late appointment of counsel prior to his guilty plea at the 1962 proceedings.

The decision of the District Court is therefore affirmed.