**Doyle Dee JONES, Petitioner-Appellant,**

v.

**Al C. PARKE, Warden, et al., Respondents-Appellees.**

No. 83–5097.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 5, 1983.

Decided May 10, 1984.

Michael T. Pate, argued, Louisville, Ky., court appointed, for petitioner-appellant.

Steven Beshear, Atty. Gen. of Ky., Joseph Johnson, argued, Asst. Atty. Gen., Frankfort, Ky., for respondents-appellees.

Before LIVELY, Chief Judge, JONES, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

LIVELY, Chief Judge.

In this appeal from dismissal of a habeas corpus petition the petitioner contends he was denied effective assistance of counsel when he pled guilty during the course of a felony trial.

## I.

Petitioner and a co-defendant were each indicted by a Jefferson County, Kentucky grand jury on three charges of robbery, two of assault and one of being a previously convicted felony offender. At arraignment on July 30, 1979 petitioner appeared with retained counsel and pled not guilty to all charges. His case was set for a joint trial with the co-defendant on August 29. Petitioner was incarcerated in the state reformatory at this time as the result of an earlier conviction. On the trial date, August 29, petitioner's retained counsel moved to withdraw and the trial court granted the motion, noting on the record that petitioner had "fired" his attorney. The court then reset the trial date to November 7. Rather than returning petitioner to the state reformatory the court remanded him to the Jefferson County jail so he could hire another lawyer. The county jail is in Louisville, petitioner's home. The trial judge advised petitioner that he would not grant a further continuance if he fired another attorney.

On November 7 the petitioner appeared without counsel and the trial began. The co-defendant was represented by retained counsel. The certified record of the Jefferson Circuit Court, where all the proceedings took place, contains no request for the appointment of counsel to represent petitioner and no affidavit of indigency. Nor does it contain a motion for further continuance. After the Commonwealth had completed its case, while the jury was excused, the prosecuting attorney approached petitioner and offered to drop the persistent felony offender charge, which carried a maximum sentence of life imprisonment, if petitioner would plead guilty to the robbery and assault charges. The prosecutor told petitioner that the jury would likely convict and that he probably would receive a life sentence if he did not change his plea.

In the words of the habeas corpus application, "the petitioner then decied [sic] to plead guilty, thereafter the commonwealth attorney stepped outside and returned with a public advocate who knew nothing of the case and only stood end [sic] only for the plea." Petitioner then executed a "Plea of Guilty" form after making a number of alterations on its face. A copy of the altered form is included as an appendix to this opinion. It is clear that petitioner did not consider the public advocate, David S. O'Brien, to be his attorney. Nor did Mr. O'Brien consider himself petitioner's appointed attorney. Nevertheless, petitioner acknowledged that he fully understood all the charges, that he had been advised of the maximum penalty, that he understood his constitutional rights and "[t]here is nothing about the proceedings in this case against me which I do not fully understand." Further, petitioner acknowledged his guilt and made no claim of innocence. However, petitioner's alterations also indicated that he was dissatisfied with the amount of time allowed for consultation with O'Brien and that they did not discuss the facts of the case or possible defenses. Attorney O'Brien wrote on the form that he "stood in" with petitioner and, "[a]lthough I am totally unfamiliar with the facts of this case, I have advised the defendant of his rights and also the punishment that he faces in entering the plea." The record contains no transcript of a colloquy between the judge and the petitioner with respect to the guilty plea.

The trial court sentenced petitioner to a total of 50 years on the five charges to which he pled guilty. The maximum penalty for the charges was 90 years. Later petitioner filed a motion in the Jefferson Circuit Court to vacate judgment. In the verified motion petitioner asserted that he entered the guilty plea on the advice of ineffective counsel, that the appointment of O'Brien was formal only and the court did not give O'Brien an opportunity to render effective assistance. From this petitioner

claimed his guilty plea "lacked voluntariness and understanding." The trial court denied the motion, reciting that "[t]he statement of the case is completely inaccurate." The Kentucky Court of Appeals affirmed the denial of the motion to vacate, finding the record disclosed that petitioner entered the guilty plea voluntarily, knowingly and intelligently. The court of appeals also denied a double jeopardy claim which petitioner had included in his motion to vacate judgment. This habeas corpus action followed.

## II.

### A.

The respondent argues that the district court should have dismissed this action for failure to exhaust state remedies. Petitioner sought a writ of habeas corpus on three grounds: (1) the conviction was obtained by denial of effective assistance of counsel, (2) the conviction was obtained by a plea of guilty unlawfully induced and (3) the conviction was obtained in violation of the protection against double jeopardy.

It is true that petitioner has attempted to present two distinct Sixth Amendment arguments before this court. He contends he was denied counsel for his trial as well as being denied the effective assistance of counsel at the time of his guilty plea. However, we do not read his petition as presenting both issues. In his petition he acknowledged that the trial judge had warned him that the trial would be held on the appointed date and would continue without counsel if he did not have an attorney. This was not the basis of his claim that he was convicted in violation of his Sixth Amendment right of counsel, however. His constitutional claim was solely that he was denied effective assistance of counsel for entry of his guilty plea. The acknowledgement that he knew he would be tried without counsel if he appeared for trial without one was merely a recitation of the circumstances which led to his decision to plead guilty and the subsequent enlistment of Mr. O'Brien's assistance. It was not the basis of a separate claim of a Sixth Amendment violation.

A federal district court may not grant a writ of habeas corpus unless the applicant has exhausted available state remedies. 28 U.S.C. § 2254(b) (1976). If the applicant files a "mixed petition"—one containing both exhausted and unexhausted claims—the district court must dismiss the petition. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Bowen v. Tennessee*, 698 F.2d 241 (6th Cir.1983) (en banc). This is not a mixed petition case. Though petitioner argued otherwise in a motion for an evidentiary hearing and in written objections and an affidavit which he filed after the magistrate had filed his report recommending denial of the writ, the only claim related to effectiveness of counsel to be found in the petition concerns the services of O'Brien in connection with the guilty plea. The "mixed petition" rule does not require us to order dismissal of a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings. *Brown v. Marshall*, 704 F.2d 333, 335 (6th Cir.1983) (per curiam). If petitioner contends that he was denied the Sixth Amendment right to counsel by being required to stand trial without an attorney that must be the basis of a separate habeas application. We express no view on whether state remedies have been exhausted with respect to such a claim or how the claim would be treated in view of the successive petition limitations of 28 U.S.C. § 2244 or the rule of *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) precluding habeas relief based on nonjurisdictional constitutional violations occurring prior to a valid guilty plea.

We agree with the magistrate and the district court that petitioner did exhaust available state remedies with respect to the claim of ineffective assistance of counsel at his guilty plea, and we proceed to examine that claim.

### B.

The magistrate to whom the habeas corpus petition was referred found that the state court record and the petitioner's allegations were sufficient to permit a determination without an evidentiary hearing. On this record the magistrate concluded that petitioner's conviction did not result from the deprivation of a federally protected right. The magistrate specifically found that petitioner decided to plead guilty of his own volition and not on the advice of counsel and that he was advised of his rights before actually entering the plea.

The petitioner filed objections to the magistrate's report. The objections and accompanying affidavit primarily concerned the fact that petitioner was required to go to trial without an attorney. For the first time in any recorded proceedings petitioner claimed in the objections that he did not have funds to hire another attorney after dismissing the one who appeared with him at arraignment. As we have pointed out, this issue was not properly raised in this habeas petition, was not before the district court and is not before this court.

Also, in the affidavit petitioner attempted for the first time to raise an issue of guilt or innocence and to imply that the prosecutor misrepresented facts when suggesting that he change his plea. The affidavit states that petitioner was not positively identified by either of the victims of the robbery and assaults. It also states that the prosecutor told him he was implicated in a confession of his co-defendant who pled guilty at the same point in the trial as petitioner. The district court concurred in the recommendations of the magistrate and dismissed the petition without referring to the affidavit.

### III.

The petitioner argues on appeal that the assistance of O'Brien was not effective since O'Brien had no time to acquaint himself with the case and to offer reasonable advice. He points to the changes he made on the plea form and to O'Brien's disclaimer. The cases petitioner relies on, for the most part, concern tardy appointments of counsel. *See e.g., Fields v. Peyton,* 375 F.2d 624 (4th Cir.1967); *United States ex rel Chambers v. Maroney,* 408 F.2d 1186 (3d Cir.1969), *aff'd,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Both *Fields* and *Chambers* hold that the belated appointment of counsel raises a presumption of prejudice and that the burden of proving an absence of prejudice shifts to the state, though the Supreme Court did not adopt this rule in affirming *Chambers v. Maroney. See* 399 U.S. at 54, 90 S.Ct. at 1982. No such presumption is recognized in this circuit. This court has repeatedly held that the late appointment of counsel for a defendant who pleads guilty does not deny the defendant effective assistance of counsel unless prejudice is established. *See e.g., Daugherty v. United States,* 453 F.2d 899, 901 (6th Cir.1972) (per curiam) ("[a]bsent a showing of prejudice to the defendant, the late appointment of counsel does not in itself constitute a denial of effective assistance of counsel."), and cases cited therein. No presumption of prejudice arises from the late appointment of counsel; the burden of proving prejudice is on the petitioner who seeks post-conviction relief. *Callahan v. Russell,* 423 F.2d 450, 456 (6th Cir.1970). Petitioner did not make a prima facie case for habeas relief by merely showing that O'Brien was appointed immediately before his guilty plea was entered.

In the present case the petitioner decided to plead guilty after hearing the evidence presented by the prosecution and learning that his co-defendant planned to plead guilty. The only function of counsel under these circumstances would be to ascertain that the defendant understood his rights, the nature of the charges and the possible sentence if convicted. As the court stated in *Carbo v. United States,* 581 F.2d 91, 92–93 (5th Cir.1978), "When a guilty plea is entered, the only required duty of counsel in rendering reasonably effective assistance is to ascertain if the plea is entered voluntarily and knowingly.... The brevity of time spent in consul-

tation with counsel does not, without more, establish ineffectiveness but instead is only a factor to be considered in the totality of the circumstances." (Citations omitted).

■ Ordinarily appointed counsel must be familiar with the facts of the case in order to render effective assistance at trial or with respect to a guilty plea. *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir.1981), *cert. denied*, 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982). However, where counsel is appointed only to advise with respect to a guilty plea which the defendant has already decided to enter, and the factual basis of the guilty plea has been established by the testimony of trial witnesses, there is no reason to require that the appointed attorney be acquainted with the facts. Under the circumstances of the present case the petitioner was not faced with the necessity to make "difficult judgments" before the evidence was in. *See McMann v. Richardson*, 397 U.S. 759, 769, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970). Here the prosecution witnesses had testified and petitioner knew in detail the evidence on which the charges were based. We conclude that, in and of itself, O'Brien's lack of familiarity with the facts did not render his assistance ineffective.

### IV.

The ultimate question is whether the assistance which O'Brien rendered enabled the petitioner to enter the guilty plea voluntarily and intelligently. Though petitioner was ready to admit his factual guilt at this time, he was entitled to be fully advised as to the legal consequences of the guilty plea.

### A.

■ In his habeas petition the petitioner charged that his guilty plea was unlawfully induced because the prosecutor threatened him with a life sentence if he did not plead guilty. The maximum penalty for the charges on which petitioner was being tried was life imprisonment. A plea is not involuntary because it may be brought about "by fear of the possibility of a greater penalty upon conviction after a trial." *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 667, 54 L.Ed.2d 604 (1978). The Supreme Court recognized such motivation as a legitimate basis for plea bargaining:

> While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable"—and permissible—"attribute of any legitimate system which tolerates and encourages the negotiation of pleas." ... It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forego his right to plead not guilty.

*Id.* at 364, 98 S.Ct. at 668 (citation omitted). *See also Brady v. United States*, 397 U.S. 742, 752–53, 90 S.Ct. 1463, 1471–72, 25 L.Ed.2d 747 (1970).

We agree with the magistrate and the district court that petitioner did not prove that he involuntarily pled guilty as the result of ineffective assistance of counsel.

### B.

■ The remaining question is whether petitioner's guilty plea was knowingly and intelligently made. The circumstances surrounding the assignment of O'Brien to assist petitioner were unusual. However, they were occasioned by the fact that a trial was already in progress. Though the trial court apparently concluded that petitioner had waived his right to counsel at trial, it was deemed necessary to provide counsel before accepting the guilty plea. The Supreme Court has held that a defendant pleading guilty to a felony charge has a federal right to the assistance of counsel. *McMann v. Richardson*, 397 U.S. at 771 n. 14, 90 S.Ct. at 1449 n. 14, *citing Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

If the advice which O'Brien gave petitioner was "reasonably competent" the plea was intelligently made. *McMann v. Richardson*, 397 U.S. at 770, 90 S.Ct. at 1448. On the plea form petitioner stated that he was 26 years old, had completed 11 years of school, could speak and understand the English language, was not under the influence of alcohol or drugs and had never been hospitalized or treated for any mental disease. He acknowledged having received and read the indictment and stated that he fully understood every charge against him in the case. He stated that his attorney had advised him of the maximum punishment for the charges to which he was pleading guilty, 90 years imprisonment. He acknowledged the constitutional rights which he could invoke by pleading not guilty and stated that he understood these rights were waived by pleading guilty. He denied that the guilty plea was induced either by promise or threat and stated, "There is nothing about the proceedings in this case against me which I do not fully understand." Finally, the petitioner stated that he made no claim of innocence.

■ The selective alteration of the plea form strongly suggests that petitioner agreed with the unaltered statements in the form at the time he signed it. The statement of O'Brien indicates that petitioner was advised of the legal consequences of a guilty plea. The affidavit which petitioner filed after the magistrate made his recommendations attempted to raise questions about his being tried without counsel and about the evidence at the trial. It did not take issue with the finding that the guilty plea was voluntarily and intelligently made. The petitioner's bald statement in his petition that he was not advised of his rights is contradicted by his contemporaneous acknowledgment that he was so advised. On the other hand, the very fact that petitioner made such extensive alterations in the form indicates dissatisfaction with the proceedings.

■ Though state courts are not required to follow the procedures set forth in Rule 11, Fed.R.Cr.P., in accepting guilty pleas, an on-the-record inquiry to determine the factual basis for the plea and the defendant's understanding of its consequences is advisable. *See Wiley v. Sowders*, 647 F.2d 642 (6th Cir.), *cert. denied*, 454 U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630 (1981); *Scranton v. Whealon*, 514 F.2d 99 (6th Cir.), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975). Such inquiry may deter subsequent collateral attacks on a conviction arising from a guilty plea. *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); *Roddy v. Black*, 516 F.2d 1380, 1383–84 (6th Cir.), *cert. denied*, 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975). In *Boykin v. Alabama*, 395 U.S. at 242, 89 S.Ct. at 1711, the Supreme Court held that it was error for a state trial judge to accept a defendant's guilty plea without an affirmative showing that it was intelligently and voluntarily made. We do not believe the executed guilty plea form completely provided that showing in the present case.

■ The district court adopted the magistrate's finding that the trial judge had addressed the petitioner prior to accepting his guilty plea, but there is nothing in the record to support this finding. In agreement with the magistrate, the district court felt that the record and petition were sufficient to permit a decision on petitioner's claim without the necessity of an evidentiary hearing. Though state court factual findings are presumed correct, when facts material to the constitutional validity of a guilty plea are not adequately developed for review, the federal district court has a duty to expand the record to include omitted material or to hold an evidentiary hearing. *Boyd v. Dutton*, 405 U.S. 1, 3, 92 S.Ct. 759, 760, 30 L.Ed.2d 755 (1972); *Burns v. Wingo*, 426 F.2d 227, 228 (6th Cir.1970) (per curiam). The record before the district court did not contain an adequate development of the facts material to determining whether petitioner's guilty plea was made knowingly and intelligently.

The judgment of the district court is vacated and the cause is remanded to the

district court to determine whether there is a transcript of the proceedings in the Jefferson Circuit Court. If such a transcript exists, the district court should reconsider petitioner's claim in the light of the entire record, including the transcript. If no transcript is available, the district court will conduct an evidentiary hearing to determine whether the plea was intelligently and knowingly made.

## APPENDIX

(1b) Plea of Guilty

4.01.34

COMMONWEALTH OF KENTUCKY

_30th_ JUDICIAL DISTRICT

_Jefferson_ CIRCUIT COURT

_2nd_ DIVISION

CR. NO._79CR0457_

COMMONWEALTH OF KENTUCKY                                    PLAINTIFF

-vs-                              **PLEA OF GUILTY**

_Doyle Dee Jones_                                           DEFENDANT

. . . . . . . . . . . . .

The Defendant above named respectfully represents to the Court as follows:

1. My full true name is _Doyle Dee Jones_ and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. My age is _26_ ; Birth Date: _12-1-52_

3. I have completed _11_ years of school.

4. I can speak and understand the English language.

5. I am not under the influence of alcohol or narcotics at this time.

6. I have never been treated for any mental disease, nor have I ever been admitted to a mental hospital.

_Attorney David S. O'Brien stood in for plea only._

7. I am not represented by counsel, ~~and the name of my lawyer is~~ _____

8. I have received a copy of the Indictment* before being called upon to plead, and have read the Indictment ~~and discussed it with my attorney~~ and fully understand every charge made against me in this case.

9. I ~~have told my~~ attorney all the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe that my attorney is fully informed as to all such matters. My attorney has since informed me and has counselled and advised with me at length as to the nature and cause of each accusation against me as set forth in the Indictment and as to any possible defenses I might have in this case.

10. My attorney has advised me as to the maximum punishment which the law provides for the offense charged in the Indictment, as follows: A maximum of _90_ years imprisonment and a fine of $ _0_ for the offenses of _Robb 1° 3ts/ASLT 1° ABLT 2_ charged in _the indictment 79CR0457_

11. I understand that I may, if I so choose, plead "Not Guilty" to any offense charged against me, and that if I should choose to plead "Not Guilty" the Constitution guarantees me (a) the right to a

___
*"Indictment" also includes "Information," as the case may be.

April, 1973

4.01.35

speedy and public trial by jury, (b) the right to see and hear all witnesses called to testify against me, (c) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor, and (d) the right to have the assistance of counsel for my defense at all stages of the proceedings.

12. I understand that if I plead guilty, I waive all of these rights, including the right of appeal.

13. I understand that I have a right not to incriminate myself, but I must waive this right if I plead guilty.

14. I also understand that if I plead "GUILTY" the Court may impose the same punishment as if I had pleaded "NOT GUILTY", stood trial and been convicted by a jury and that the Court need not accept any recommendations as to sentence that may be made by the Commonwealth.

15. I understand that there can be no appeal from the Judgment of this Court.

16. I declare that no officer or agent of any branch of government (Federal, State or local) nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency if I would plead "GUILTY."

17. I declare that no officer or agent of any branch of the government (Federal, State or local) nor any other person has used any force, duress or coercion to get me to plead "Guilty" or told me that I would receive a heavier sentence or be denied consideration for probation if I pleaded "Not Guilty" and subsequently was found "Guilty."

18. I am satisfied with the advice and counsel which my attorney has given me, and there is nothing about the proceedings in this case against me which I do not fully understand.

19. I have had all the time that I wanted to confer with my attorney, and I do not need to confer with him any further before we proceed.

20. I know that the Court will not permit anyone to plead "Guilty" who claims to be innocent and, with that in mind and because I am "Guilty" and make no claim of innocence. I wish to plead "Guilty" and respectfully request the Court to accept my plea of "Guilty" and to have the clerk enter my plea of "Guilty" as follows: (*) Guilty to all charges except 75.0.

21. I declare that I offer my plea of "Guilty" freely and voluntarily and of my own accord and with full understanding of all the matters set forth in the Indictment and in this petition, and in the certificate of my counsel which is attached to this petition.

Signed by me in open Court in the presence of my attorney David O'Brien this 7th day of November, 1979.

x Doyle D. Jones
Defendant

---

(*) The Defendant's plea of "Guilty" or "Not Guilty" as to each offense charged against him in the Indictment should be entered in the blank space provided in paragraph 20. If the Indictment charges but a single offense, the Defendant who wishes to plead "Guilty" should write in paragraph 20 "Guilty as charged in the Indictment." If more than one offense be charged, the Defendant may write in paragraph 20 the words: "Guilty as charged in Count _____ of the Indictment," etc. "Not Guilty as charged in Count _____, etc."

April, 1973

### CERTIFICATE OF COUNSEL

The undersigned, as attorney and counsellor for the Defendant above named _____ hereby certifies as follows:

1. That I have read and fully explained to the Defendant the allegations contained in the Indictment in this case.

2. That I have fully explained the Defendant's Constitutional rights to him.

3. That to the best of my knowledge and belief the statements and representations and declarations made by the Defendant in the foregoing petition are in all respects accurate and true.

4. That the plea of "GUILTY" as offered by the Defendant in paragraph 20 of the foregoing petition accords with my understanding of the facts as related to me by the Defendant and is consistent with my advice to the Defendant.

5. That in my opinion the plea "GUILTY" as offered by the Defendant in paragraph 20 of the foregoing petition is voluntarily and understandingly made, and I recommend to the Court that the plea of "GUILTY" be now accepted and entered on behalf of the Defendant as requested in paragraph 20 of the foregoing petition.

Signed by me in open Court in the presence of the Defendant above named and after full discussion of the contents of this certificate with the Defendant, this _____ day of _____, 19_____

_____
Attorney for Defendant

*I stood in for Doyle Dee Jones for the purpose of a plea only. Although I am totally unfamiliar with the facts of this case, I have advised the Defendant of his rights and also the punishment that he faced in entering the plea*

*11/7/79*

_____

April, 1973

---

NATHANIEL R. JONES, Circuit Judge concurring.

In holding that the petitioner is entitled to a remand on his habeas petition on the issue of whether the guilty plea was knowingly and intelligently made, I concur with the majority. I write separately to express my view that the petitioner's challenge to the effectiveness of the assistance of counsel received by petitioner may not, necessarily, be without merit. That too, it seems to me, should be the subject of an evidentiary hearing in order to ascertain whether the petitioner adequately waived his right to counsel. If it is true, as petitioner contends, that he did object to going to trial without counsel, and to being tried without counsel, he was entitled to the level of assistance required by *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) and *Bradbury v. Wainright,* 658 F.2d 1083 (5th Cir.1981), *cert. denied* 456 U.S. 992, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982).

While the majority opinion does not discuss the waiver issue, it does emphasize that the record contains no request for the appointment of counsel or affidavit of indigency or motions for further continuance. Such references, comprised as they are of negatives, are insufficient to show an affirmative, knowing and intelligent waiver of a right as important as the right to counsel. This is so since we must entertain "every reasonable presumption against the waiver of this fundamental constitutional right." *U.S. v. Johnson,* 659 F.2d 415, 416 (4th Cir.1981). For this reason, I would include this issue for exploration at the remand hearing.