802 F.2d 457
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROY E. GREENWELL, Petitioner-Appellant
v.
JOHN REES, WARDEN, Respondent-Appellee
 No. 86-5223.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1986.
 
 1
 BEFORE: MARTIN and JONES, Circuit Judges; and COHN, District Judge*
 
 ORDER
 
 2
 The petitioner moves for counsel on appeal from the district court's order denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the petitioner's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The petitioner pled guilty in the state court in Louisville, Kentucky to three counts of trafficking in narcotics. He received a five year sentence with ten years probation. He has exhausted his state remedies.
 
 
 4
 The petitioner argues that his plea was not intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242 (1969). He also argues that he received ineffective assistance from his counsel. While state courts are not required to follow the procedures set forth in Rule 11, Federal Rules of Criminal Procedure, an on-the-record inquiry to determine the defendant's understanding of the consequences of the plea is advisable. Jones v. Parke, 734 F.2d 1142, 1148 (6th Cir. 1984). If the on-the-record discussion leaves doubt about the plea, the state bears the burden of making a clear and convincing showing that the plea was intelligent and voluntary. Roddy v. Black, 516 F.2d 1380, 1384 (6th Cir.), cert. denied, 423 U.S. 917 (1975). Evidence extrinsic to the transcript may be produced by the state to carry its burden. Id.
 
 
 5
 In the present case, the transcript of the guilty plea hearing shows that the trial court did personally address the defendant and asked him questions concerning his understanding of the plea and its voluntary nature. Even if this transcript is not deemed to be adequate to show that the plea was intelligent and voluntary, the additional evidence contained in the post-conviction relief hearing transcript is adequate to do so. The evidence from this hearing also shows that the petitioner did not receive ineffective assistance of counsel. So the district court was correct to deny the petition.
 
 
 6
 The motion for counsel is denied. The order of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation