960 F.2d 149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy D. GRAY, Petitioner-Appellant,
v.
Michael O'DEA, Warden; Attorney General of Kentucky,
Respondents-Appellees.
 No. 91-6339.
 United States Court of Appeals, Sixth Circuit.
 April 13, 1992.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Jimmy D. Gray, a pro se Kentucky prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Gray in January 1987 of two counts of murder and one count of failure to render assistance following a fatal traffic accident determined to be caused by Gray. He was sentenced to two consecutive 35-year sentences on the murder counts, and to a concurrent 6-month sentence and $100 fine for failure to render assistance. The Supreme Court of Kentucky affirmed Gray's conviction on March 3, 1988. Gray's subsequent RCr 11.42 motion to vacate was overruled by the trial court in September 1989. That order was not appealed.
 
 
 4
 In his federal petition, Gray raised seven grounds for relief: (1) the trial court failed to admonish the jury not to consider a statement made by the prosecutor during opening argument, (2) the trial court erroneously admitted a prejudicial family photograph of the victims, (3) the prosecutor made improper comments during the trial and closing argument of the guilt phase, (4) the prosecutor made improper comments during the closing argument of the penalty phase, (5) the trial court erroneously applied Ky.Rev.Stat. § 532.055 to an offense committed prior to its effective date, (6) the trial court abused its discretion in overruling Gray's motion for a continuance, and (7) the cumulative effect of these errors deprived Gray of his right to a fair trial.
 
 
 5
 The magistrate judge recommended that the respondents' motion to dismiss or for summary judgment be granted in his proposed findings of fact and recommendation. The district court overruled Gray's objections, adopted the magistrate judge's report, and dismissed the action in an opinion and judgment filed October 30, 1991.
 
 
 6
 On appeal, Gray argues that the district court should not have applied the procedural default rule, that the trial court's failure to admonish the jury rendered his trial fundamentally unfair, that the district court's refusal to question the evidence rulings unless they rendered his trial fundamentally unfair constitutes a denial of his federal rights, that the prosecutor's misconduct deprived him of a fundamentally fair trial, that he did show cause and prejudice for his procedural default, and that he received ineffective assistance of counsel. He requests the appointment of counsel in his brief.
 
 
 7
 Upon review, we affirm the district court's judgment because Gray has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 8
 Gray did not file specific objections to the magistrate judge's proposed dispositions of his grounds for relief involving the admission of the family photographs and the application of Ky.Rev.Stat. § 532.055. Consequently, he has waived his right to appeal those issues. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). In addition, Gray did not raise the issue regarding denial of a continuance in his appellate brief. Therefore, that issue is considered abandoned on appeal and is not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Gray argues that the district court should have excused his procedural default regarding the alleged errors to which no objection was made at trial because his attorney erred in failing to preserve the issues. Ordinary attorney error, however, does not constitute cause unless it amounts to ineffective assistance of counsel under the test set out in Strickland v. Washington, 466 U.S. 668 (1984). See Murray v. Carrier, 477 U.S. 478, 488 (1986). The errors complained of do not meet this test. Thus, Gray has not established cause for his procedural default.
 
 
 10
 Gray's argument that the district court erred in its view of state evidentiary rulings is also meritless. It is well settled that an evidentiary issue does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).
 
 
 11
 Finally, we do not address Gray's claim of ineffective assistance of counsel because it was initially raised in his objections rather than his petition, see Jones v. Parke, 734 F.2d 1142, 1145 (6th Cir.1989), and it was not properly presented to the Kentucky Supreme Court. See 28 U.S.C. § 2254(b).
 
 
 12
 Accordingly, Gray's request for the appointment of counsel is denied. The district court's order, filed October 30, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation