**Jack BOYD, Petitioner-Appellant,**

**v.**

**S. Lamont SMITH, Warden, Respondent-Appellee.**

**No. 30552.**

United States Court of Appeals, Fifth Circuit.

Dec. 14, 1970.

**154**

Jack Boyd, pro se.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Charles B. Merrill, Jr., Marion O. Gordon, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court denying the petition of a Georgia state prisoner for a writ of habeas corpus. We affirm.[1]

Appellant, without counsel, was convicted on his pleas of guilty on three counts of forging checks and one count of possession of a forged check. He was sentenced on January 11, 1964, to four consecutive terms of seven years each.

Appellant filed a petition for habeas corpus relief in the state trial court alleging (1) an illegal arrest and search without a warrant; (2) he was held incommunicado for 14 days and was not permitted to contact counsel; (3) he was not advised of his constitutional rights; and (4) he was denied assistance of counsel. An evidentiary hearing was held and relief was denied. The state court made findings of fact and conclusions of law. An appeal was dismissed by the Georgia Supreme Court for want of prosecution.

Appellant then filed his habeas petition in the United States District Court, making the same allegations as he had in the state court and further claiming that he was denied a full and fair hearing in the state court. The District Court denied relief without a hearing, finding that the hearing and record in the state court was adequate and its findings fully authorized. A review of the record reveals no clear error in this finding.

At the state hearing a deputy sheriff, who accompanied appellant from jail to the courthouse and was present at the trial, testified that the appellant requested to go before the judge and enter pleas of guilty. He further testified that the trial judge personally inquired of the appellant whether his plea was voluntary and whether he understood the charges; that the judge advised appellant of his right to have counsel appointed and his right to a trial by jury; and that appellant then stated his desire to plead guilty and signed the accusations and waivers.

Perceiving no clear error in the finding that the guilty plea was knowingly and voluntarily made and that counsel was voluntarily waived, we need not consider the remaining allegations, since a voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects in the proceedings up to that

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir. 1969, 412 F.2d 981.

point. Askew v. Alabama, 5 Cir. 1968, 398 F.2d 825; Brown v. Beto, 5 Cir. 1967, 377 F.2d 950; Busby v. Holman, 5 Cir. 1966, 356 F.2d 75.

The judgment below is

Affirmed.