BOYD *v.* DUTTON, WARDEN

No. 70–5075.  Decided February 22, 1972

PER CURIAM.

The petitioner, Jack Boyd, pleaded guilty in a Georgia trial court to three counts of forging checks and to one count of possession of a forged check.  He was not represented by a lawyer.  The court sentenced him to serve 28 years in prison—four consecutive terms of seven years each.  No transcript of that plea or sentencing proceeding exists.

He sought habeas corpus relief in the state trial court, alleging, among other things, that he had been denied the assistance of counsel.  An evidentiary hearing was

1

held, and relief was denied. An appeal was dismissed by the Georgia Supreme Court. The petitioner then filed a petition for habeas corpus in a Federal District Court, which denied relief without a hearing, basing its decision on the record of the state post-conviction proceeding. The Court of Appeals for the Fifth Circuit affirmed, *Boyd* v. *Smith,* 435 F. 2d 153.

At the Georgia post-conviction hearing, where the petitioner was also without the assistance of counsel, the only witness for the State on the question of waiver of counsel at the arraignment was a man named Dunnaway, who had been present at the arraignment, as Deputy Sheriff of Terrell County, Georgia. According to Dunnaway, the prosecutor told the petitioner that he was entitled to legal counsel and that the court would appoint a lawyer if the petitioner could not afford one. By Dunnaway's account, the prosecutor then asked the petitioner if he wanted a lawyer, and the petitioner replied that he did not. Yet there were apparently no questions from either the judge or the prosecutor during the arraignment inquiring whether the petitioner understood the nature and consequences of his alleged waiver of the right to counsel or of his guilty plea.

The petitioner expressed a desire to call witnesses at the state post-conviction hearing, but the court did not ask him who the proposed witnesses were or inquire about the expected nature of their testimony. The judge simply noted that the petitioner, who obviously possessed no legal skills, had failed to subpoena those whom he wanted to testify.

A person charged with a felony in a state court has an unconditional and absolute constitutional right to a lawyer. *Gideon* v. *Wainwright,* 372 U. S. 335. This right attaches at the pleading stage of the criminal process, *Rice* v. *Olson,* 324 U. S. 786, and may be waived

only by voluntary and knowing action, *Johnson* v. *Zerbst,* 304 U. S. 458; *Carnley* v. *Cochran,* 369 U. S. 506. Waiver will not be "lightly presumed," and a trial judge must "indulge every reasonable presumption against waiver." *Johnson, supra,* at 464.

The controlling issue in this case is whether the petitioner knowingly and voluntarily waived his constitutional right to counsel before entering the guilty plea in the state trial court. It is evident that the material facts bearing upon that issue were inadequately developed in the state court post-conviction hearing. That being so, the Federal District Court was under a duty to hold an evidentiary hearing. *Townsend* v. *Sain,* 372 U. S. 293, 313; 28 U. S. C. § 2254 (d). Accordingly, we grant the petition for a writ of certiorari, vacate the judgment before us, and remand the case to the District Court for an evidentiary hearing.

*It is so ordered.*

MR. JUSTICE BLACKMUN, concurring.

I join the Court's *per curiam* opinion and judgment. I do so, however, only after some initial hesitation, for there is force in MR. JUSTICE POWELL's dissent when it stresses that the unanimous judgment of four courts is being overturned and that the trier of fact in the state post-conviction procedure decided the factual issues against the petitioner.

A reading of the post-conviction transcript, however, persuades me that the petitioner was utterly lost at that proceeding; that his assertion that favorable witnesses existed was frustrated because he did not know how to compel their attendance and received no assistance in this respect; and that the development of the material facts leaves something to be desired and falls somewhat short of the standards laid down in *Townsend* v. *Sain,* 372 U. S. 293, 313 (1963). When a 20-year-old who

4

claims he could not read or write (although he apparently was able to sign his name to the petition in the present proceeding) receives four consecutive seven-year sentences, totaling 28 years, for forging three checks within a fortnight in the respective amounts of $45, $45, and $40, and for possessing a forged check in the amount of $10, his post-conviction hearing, for me and on balance, must clearly meet those standards. Certainly, the appointment of counsel is indicated.

MR. JUSTICE WHITE, with whom THE CHIEF JUSTICE joins, dissenting.

There is no suggestion that either the trial court accepting petitioner's plea of guilty or the state court denying habeas corpus employed an erroneous legal standard in proceeding as it did. On this record we may "properly assume that the state trier of fact applied correct standards of federal law to the facts, in the absence of evidence . . . that there is reason to suspect that an incorrect standard was in fact applied." *Townsend* v. *Sain,* 372 U. S. 293, 315 (1963). And in participating in our appellate function and acting on the cold record before us, I cannot presume greater insight into petitioner's understanding of his rights, his waiver of counsel, and his plea of guilty than that of the other courts that have considered this case, including the state court accepting the plea of guilty and the habeas corpus court that heard petitioner and the other evidence. According to the undisputed evidence as to the circumstances surrounding the plea, petitioner stated that he waived counsel, admitted that he was guilty, and accordingly entered his plea. Like MR. JUSTICE POWELL, I think the judgment of the state court was fairly supported by the evidence. The petition for writ of certiorari having been granted, I would affirm the judgment of the Court of Appeals.

MR. JUSTICE POWELL, with whom THE CHIEF JUSTICE and MR. JUSTICE REHNQUIST join, dissenting.

The *per curiam* opinion of the Court finds that the facts in this case were "inadequately developed" with respect to the controlling issue whether petitioner knowingly and voluntarily waived his constitutional right to counsel before entering the guilty plea in the state trial court. Relying on *Townsend* v. *Sain,* 372 U. S. 293 (1963), the majority remands the case to the District Court.

As it seems to me that the facts on this issue were adequately developed in the state post-conviction evidentiary hearing, I dissent from the majority holding. At that hearing Deputy Sheriff Dunnaway, who was present at the time petitioner waived counsel, testified as follows:

"Q. What prompted you to get him out of jail? Had he indicated he wanted to enter a plea or what?

"A. He stated he wanted to go before the Judge and enter a plea of guilty.

"Q. And is Saturday the regular day that the Judge takes pleas there?

"A. Yes, sir. He takes 'em in Colquitt, his home town.

"Q. And you took him yourself to the Courtroom from the jail?

"A. Yes, sir.

"Q. Would you tell the Court briefly what happened whenever you got him to the Courtroom?

"A. He was carried to the Courtroom, and, uh, the Solicitor drew up the accusations against him, and after he drew up the accusation against him, and I signed the accusation, we called Jack Boyd and Clinton Henderson, another boy that was with him, into the Courtroom, and Mr. Ray advised each

of 'em what the charges against 'em was and asked 'em did they have legal counsel, and which both of 'em stated they did not have legal counsel.. Mr. Ray advised both of 'em that they were entitled to legal counsel, and if they could not afford it, the Court would appoint 'em legal counsel, and asked . . . also, he advised 'em if they wanted to go to trial by jury, that the Court would appoint 'em an attorney to represent 'em in trial, and this defendant and Clinton Henderson both stated to Mr. Ray, in my presence, that they both knew they was guilty and they didn't want a trial, and they both signed the accusation that they was guilty, and I witnessed the signature of both of 'em.

"Q. I believe you said you had known Jack Boyd for a good many years. Did he appear to understand from his demeanor what was going on and what he was charged with?

"A. Yes, sir.

"Q. Is he possessed of average intelligence at least?

"A. Yes, sir.

"Q. Did he appear to understand Mr. Ray when he told him that he had the right to have an attorney?

"A. Mr. Ray asked him did he understand what he had stated to him. He said that he did.

"Q. In your opinion, from your familiarity with him, your acquaintance with him, and from your observation of him at that time, did he knowingly and intelligently enter his plea of guilty?

"A. Yes, sir.

"Q. Did he knowingly and intelligently . . . this is your opinion also I'm asking about, waive his right to any counsel, legal counsel?

"A. Yes, sir."

Petitioner was present when Dunnaway testified and did not contradict the foregoing testimony that he waived counsel. This undisputed testimony seems adequate, as the courts below found, to warrant the conclusions that petitioner knowingly and voluntarily waived his right to counsel, and that no further evidentiary hearing was required.

It is true that petitioner is uneducated, and that the sentence imposed seems disproportionate to the crime.[1] It is also true that the state court hearing could have been more exhaustive.[2] Additional witnesses might have been called, as suggested by the majority opinion, although there is no indication in the record that they would have contradicted the testimony with respect to waiving counsel which petitioner himself failed to dispute. But the ultimate test with respect to the holding of an evidentiary hearing by a federal district court is whether there was "a full and fair fact hearing" in the state proceedings. *Townsend, supra,* at 313. Where the material facts bearing upon the relatively narrow issue of waiving counsel are undisputed, except inferentially, and show that waiver was made "knowingly and intelligently," I believe that this test has been met.[3]

There is little likelihood that a new hearing now, eight years after the 1964 conviction, will be conducive to de-

---

[1] Petitioner, having served some eight years, may well merit consideration for parole or executive clemency.

[2] The trial judge would have been well advised to have appointed a lawyer, although that is not constitutionally required. See *Johnson* v. *Avery,* 393 U. S. 483, 488 (1969) (dictum); Developments in the Law—Federal Habeas Corpus, 83 Harv. L. Rev. 1038, 1197 (1970).

[3] In *Townsend* v. *Sain,* 372 U. S. 293, 319 (1963), the Court recognized that it must rely largely on district judges, who have the "paramount responsibility in this area," to implement the prescribed standards.

pendable factfinding[4] or will enlarge upon the evidence already considered. This case already has received the attention of four courts. Remanding it may further the repetitive judicial re-examination which has become so commonplace. The current flood of petitions for post-conviction relief already threatens—because of sheer volume—to submerge meritorious claims and even to produce a judicial insensitivity to habeas corpus petitioners.[5]

---

[4] Petitioner demonstrated in the state court proceeding the infirmity of his memory by initially denying that he had ever been in court prior to the forgery charge, when in fact he had been convicted previously of receiving stolen goods and had served a sentence for that crime.

[5] See Bator, Finality in Criminal Law and Federal Habeas Corpus for State Prisoners, 76 Harv. L. Rev. 441, 451 (1963).