**Richard Eugene FOUNTS, Petitioner-Appellant,**

v.

**Edwin T. POGUE, Warden, Nevada State Prison, Respondent-Appellee.**

**No. 74-1470.**

United States Court of Appeals, Ninth Circuit.

Feb. 20, 1976.

Certiorari Denied June 7, 1976. See 96 S.Ct. 2635.

John D. Hickman, San Francisco, Cal., for petitioner-appellant.

Robert F. List, Atty. Gen., Carson City, Nev., for respondent-appellee.

## OPINION

Before BROWNING and TRASK, Circuit Judges, and SWEIGERT,* District Judge.

SWEIGERT, District Judge:

Appellant, convicted of robbery, attempted robbery, and kidnapping, appeals from an order denying a petition for writ of habeas corpus. This court has jurisdiction under 28 U.S.C. Sec. 2253.

In April, 1968, one Keough, owner of a barber shop in Reno, Nevada, was kidnapped in a parking lot outside his shop, forced to drive to a remote location, and then robbed. In September, 1969, the same barber shop was robbed by two men. The owner and two other barbers were the victims of the September robbery.

The two incidents were severed for trial. The second (September 1969) robbery of the barber shop was tried first, in March, 1970 and appellant and his co-defendant were each convicted by jury in the Washoe County District Court of two counts of armed robbery and one count of attempted robbery.

The first robbery, including the kidnapping (April 1969), was tried second, in April, 1970, also by jury and in the same court, and appellant was convicted of one count of robbery and one count of kidnapping.

Appellant was sentenced to 15 years imprisonment for each robbery count and to 7 years for the attempted robbery, the four sentences to run consecutively, and to life imprisonment for the kidnapping, to run concurrently with the other sentences. On

---

* Honorable William T. Sweigert, United States District Judge, Northern District of California, sitting by designation.

appeal the Nevada Supreme Court affirmed appellant's convictions but reversed those of a co-defendant. *Founts v. State*, Nev., 483 P.2d 654 (1971).

Appellant next petitioned for post-conviction relief in the trial court under Nevada Revised Statutes 177.315 et seq., alleging cruel and unusual punishment, double jeopardy, wrongful failure to admit alibi testimony at the first trial, tainted identification procedures and denial of effective assistance of counsel at trial and on appeal.

At the post-conviction hearing the trial court found the consecutive sentencing to be cruel and unusual punishment, ordered that all the sentences were to run concurrently but denied further relief.

On a further appeal from that post-conviction judgment the Nevada Supreme Court again affirmed. *Founts v. Warden*, 511 P.2d 111 (1973).

Thereafter appellant filed his petition for writ of habeas corpus in federal court, District of Nevada, alleging that his consecutive sentences were cruel and unusual punishment (ignoring the fact that relief had already been granted on this ground at the statutory post-conviction hearing); that he was subjected to double jeopardy in that some of the same evidence was used to convict him on different counts; that it was error to disallow alibi evidence because of failure to comply with the Nevada notice of alibi statute; that the trial court erred in admonishing defense witnesses on the danger of perjury; that he was denied due process by tainted identification procedures and that he was repeatedly denied effective assistance of counsel not only at the trials but at the post-conviction hearing.

The District Court denied the petition with a Memorandum Decision reviewing the transcripts of petitioner's two state trials and of his statutory state post-conviction evidentiary hearing, but without any further evidentiary hearing of its own. Upon the Federal District Court's certificate of probable cause, appellant filed the present appeal.

On this appeal appellant contends in effect only that there were unresolved issues of fact raised by his federal habeas corpus allegations concerning (1) improper identification procedures, i. e., improper pretrial photographic identification and improper pretrial parading of appellant before identification witnesses, and (2) ineffective representation by counsel at the two state trials, and also at the post-conviction hearing.

Appellant concludes therefore that the federal court below erred in granting appellee's motion to dismiss the petition without a federal evidentiary proceeding.

■ A District Court is required to hold an evidentiary hearing on an application for a writ of habeas corpus when:

"(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing." *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770, 786 (1963); accord *Boyd v. Dutton*, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972).

In our pending case the federal district court below held in effect that determination of the factual issues concerning both improper pre-trial identification and ineffective representation at appellant's two state trials and at the post-conviction hearing could be resolved from a review of state court record and transcripts.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ With one exception separately noted below, none of the allegations concerning ineffective representation by counsel involved conduct of counsel beyond the trial record. The federal court below, after

what appears to have been a careful independent review of the trial record, concluded that the state courts, applying the same standards as would be applied by federal courts, had fully and fairly resolved the factual issue of proper representation by counsel at the two state trials; that the trial records were sufficient to justify the conclusion of the state courts (and of the federal court below as well) that appellant had not been denied effective representation of counsel at either of the two trials or on appeal within the meaning of *Stanley v. United States*, 239 F.2d 765–6 (9th Cir. 1956) and *Rivera v. United States*, 318 F.2d 606–8 (9th Cir. 1963). Upon our own review of the trial transcript we agree with the federal district court below.

■ One of the factual issues concerning ineffective representation did involve evidence beyond the trial records, i. e., appellant's allegation that his counsel at the second trial had failed to investigate appellant's claim of alibi witnesses—an allegation, which, if proved, could have amounted to ineffective representation by counsel. *Gomez v. Beto*, 462 F.2d 596 (5th Cir. 1972); *Johns v. Perini*, 462 F.2d 1308 (6th Cir. 1972). As to this particular factual allegation the federal court below looked to the transcript of the Nevada statutory post-conviction evidentiary hearing held under Nevada revised statutes 177.315 et seq., and noted in its memorandum of decision (p. 12) that "[t]his allegation was the subject of considerable comment at the post-conviction hearing," and had also been considered in the opinion of the Nevada Supreme Court on the subsequent appeal from the post-conviction hearing. The federal court below, upon what appears to have been a careful, independent review of the post-conviction hearing transcript, and again applying the same standards for assessing effectiveness of counsel as followed in this court, held that appellant's alibi defense had been properly treated by counsel and that no further evidentiary hearing on this issue was necessary. Upon our review of the post-conviction hearing transcript we agree · with the federal court below.

■ As to appellant's contention that his Nevada statutory post-conviction hearing itself was insufficient because of ineffective representation of counsel at the hearing, the federal court below, upon its review of that record, held that, although not a model, the post-conviction hearing did develop facts relevant to the alibi issue sufficiently to justify the decisions of both the state post-conviction hearing court and the Nevada Supreme Court, that appellant had been adequately represented at the post-conviction hearing.

## PRE-TRIAL IDENTIFICATION ISSUE

Similarly, the federal court below held in effect that the determination of the factual issues concerning claimed improper pre-trial identification procedures, i. e., improper pre-trial photographic identification and improper pre-trial parading of appellant before identification witnesses—issues which would ordinarily require a federal evidentiary hearing—could in this case be determined from a review of the trial transcripts in light of the rule of *United States v. Wade*, 388 U.S. 218, 240–41, 87 S.Ct. 1426, 1939, 18 L.Ed.2d 1149, 1164 (1967).

In *Wade*, the Supreme Court ruled that, where it is found by clear and convincing evidence that the *in*-court identification, despite possible exposure of the witness to a constitutionally tainted pre-trial identification procedure, rests on a basis independent of that procedure, the *in*-court identification is valid.

The federal court below, reviewing the trial transcripts, concluded that, even if there had been otherwise improper parading there was clear and convincing evidence of an untainted, independent basis for the *in*-court identification; that, although the state trial court had made no express findings on that point, such a determination was fairly supported by the evidence in the state trial court transcripts.

■ We conclude, upon independent checking of the record, that the federal court below was justified in its conclusions, as above set forth, and that there was no

need for any further federal evidentiary hearing.

Further, the transcript of the state court trial shows, as to the claimed improper photographic identification, that the state trial court, itself, held a separate evidentiary hearing on an *in limine* motion raising that particular issue made by defendants' trial counsel. (Vol. IV—Record on Appeal, p. 20–50).

The federal court below, again upon its own review of the trial transcript, concluded that the facts developed at that hearing were sufficient to justify the state court's determination that in any event the photographic identification procedures were not within the meaning of *Simmons v. United States*, 390 U.S. 377, 383–84, 88 S.Ct. 967, 970, 19 L.Ed.2d 1247, 1252, so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

For the foregoing reasons the judgment of the court below, denying the petition for federal habeas corpus without an evidentiary hearing, is affirmed.

BROWNING, Circuit Judge (concurring and dissenting):

I concur with the majority on all issues but one. I would hold that petitioner did not receive adequate assistance of counsel in the state post-conviction hearing.

At the beginning of petitioner's direct testimony at that hearing, his attorney suggested that petitioner proceed by going through the petition for post-conviction relief himself; counsel did nothing more than assist petitioner in reading and summarizing the petition. Counsel was not prepared to do more. He had not looked at the trial transcripts prior to the hearing. He apparently did not understand the nature and purpose of the proceeding.

Although the principal purpose of the hearing was to determine if petitioner's trial counsel rendered effective assistance, petitioner was compelled to conduct most of the cross-examination of his trial counsel without the assistance of an attorney. In consequence, the facts on this central issue were not adequately developed.

Petitioner may not have had a strong case, but he was entitled to a fair chance to present it. That he did not have.