The appellant, James Marvin Monte, pleaded guilty to the unlawful use of a vehicle, a violation of § 13A-8-11, Code of Alabama 1975. He was sentenced to 12 months in the county jail and was placed in a work release program.
The appellant's only contention on appeal is that he was denied his basic constitutional right to counsel. The trial court determined that the appellant was not indigent and, therefore, was not entitled to state-appointed counsel. See § 15-12-1, et seq.; Mays v. State, 497 So.2d 205 (Ala.Cr.App. 1986). The appellant did not retain private counsel. A defendant is entitled to counsel if he or she faces a term of imprisonment. Argersinger v. Hamlin, 407 U.S. 25,92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Like all constitutional provisions, this right to counsel may be waived. However, the court made no determination on the record that the appellant voluntarily waived his right to counsel. Faretta v. California,422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The state has moved that we remand this case to the Circuit Court for Russell County for that court to make findings as to whether the appellant voluntarily relinquished his right to counsel.
This court has addressed this issue on many occasions. InLake v. City of Birmingham, 390 So.2d 36 (Ala.Cr.App. 1980), this court stated:
 "The right to counsel attaches in all felony cases, Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and in all misdemeanor cases involving the loss of liberty. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530
(1972). However, on misdemeanor charges the right to counsel is limited to cases where a defendant is actually sentenced to jail. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). The Sixth Amendment right to counsel does not depend upon a request by the accused. Kitchens v. Smith, 401 U.S. 847, 91 S.Ct. 1089, 28 L.Ed.2d 519 (1971). If an accused waives his right to counsel, that waiver must be intelligently and understandingly made and cannot be presumed from a silent record. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). In Carnley the Supreme Court stated, at 513 and 516, 82 S.Ct. at 889 and 890: *Page 517 
 " 'But it is settled that where the assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request. . . .
" '. . . .
 " 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.'
 "See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 "Of course the State cannot force counsel upon a defendant. Every defendant has a right to waive counsel and to conduct his own defense. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, the waiver must be intelligently and understandingly made, and we cannot assume that to be the case from a silent record as in the instant case. Boyd v. Dutton, 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972). The record before us reveals none of the circumstances surrounding the appellant's self-representation. Such a record, pursuant to the above cited cases, will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty."
390 So.2d at 38. Cf. Jowers v. City of Selma, 688 So.2d 278
(Ala.Cr.App. 1996) (Taylor, Presiding Judge, dissenting).
This cause is remanded to the Circuit Court for Russell County for that court to make findings as to whether the appellant voluntarily waived his right to counsel. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.