**Mitchell MAKIDON, Petitioner–Appellant,**

v.

**Frank ELO, Warden, Respondent–Appellee.**

**No. 00–1685.**

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before DAUGHTREY and GILMAN,
Circuit Judges; COLLIER, District

Judge.[*]

## ORDER

This pro se Michigan state prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A Michigan jury found Mitchell Makidon guilty of third-degree criminal sexual conduct in violation of Mich. Comp. Laws § 750.520d(1)(a); Mich. Stat. Ann. § 28.788(4)(1)(a). Thereafter, Makidon was tried to the bench and found guilty of being a fourth felony habitual offender in violation of Mich. Comp. Laws § 769.12; Mich. Stat. Ann. § 28.1084. The trial court sentenced Makidon to life imprisonment. The Michigan Court of Appeals affirmed Makidon's judgment of conviction and sentence. The Michigan Supreme court denied Makidon leave to appeal. Thereafter, Makidon moved the trial court for relief from judgment challenging the constitutional validity of a 1964 breaking and entering conviction used as a predicate offense to charge him with being a fourth felony habitual offender. The trial court denied Makidon's motion, the Michigan Court of Appeals denied Makidon's delayed application to appeal, and the Michigan Supreme court denied his application for leave to appeal.

In his petition for a writ of habeas corpus, Makidon claimed that: 1) he was denied a fair trial because the trial court refused to grant his request to voir dire the individual jurors regarding a prejudicial newspaper article; 2) the prosecutor committed misconduct; and 3) his conviction as an habitual offender must be reversed because it was based on an invalid 1964 conviction lacking the required court appointed representation of counsel.

The district court dismissed Makidon's petition, but granted Makidon a certificate of appealability with respect to petitioner's claim that his habitual offender conviction was based upon a prior conviction obtained without the assistance of counsel and without a knowing and intelligent waiver of the right to counsel.

Makidon reasserts his certified issue in his timely appeal.

 The court reviews the district court's legal conclusions de novo and its findings of fact for clear error, *see Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000), and accords state court findings complete deference pursuant to the presumption of correctness found in 28 U.S.C. § 2254(e)(1), which the petitioner may rebut only with clear and convincing evidence. *See Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.), *cert. denied,* 527 U.S. 1040, 119 S.Ct. 2403, 144 L.Ed.2d 802 (1999). Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) was contrary to clearly established Federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a

[*] The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

question of law or if the state court decides a case differently than the Supreme Court has decided on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *See Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *Machacek v. Hofbauer*, 213 F.3d 947, 952–53 (6th Cir. 2000).

■■■■ Upon review, we conclude that the district court properly denied Makidon's petition because the Michigan court's judgment is not contrary to or an unreasonable application of clearly established law as determined by the Supreme Court. Makidon contends that the trial court improperly used a 1964 conviction in which he was not represented by counsel to find him guilty of being a fourth felony habitual offender. When Makidon pleaded guilty in 1964 to the charge of breaking and entering, his appointed counsel was not present. The right to counsel attaches at the pleading stage of the criminal process, *see Boyd v. Dutton*, 405 U.S. 1, 2, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972), and it is unconstitutional to try a person for a felony in a state court unless he had a lawyer or validly waived one. *See United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). While Sixth Amendment jurisprudence generally requires a claimant to demonstrate deficient representation and prejudice, the court presumes prejudice when counsel is completely denied due to absence at a "critical stage" of a trial. *See United States v. Cronic*, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Childress v. Johnson*, 103 F.3d 1221, 1227 (5th Cir.1997) (right to assistance of counsel at a plea

hearing). Nevertheless, representation, or lack thereof, that would otherwise constitute a constitutional violation may be excused when a defendant knowingly and intelligently waives his Sixth Amendment right to counsel. *See United States v. Nichols*, 979 F.2d 402, 407 (6th Cir.1992); *see also United States v. Straughter*, 950 F.2d 1223, 1234 (6th Cir.1991) (knowing and intelligent waiver of Sixth Amendment rights precludes challenge to counsel's purported conflict of interest).

Makidon was not denied his Sixth Amendment right to counsel. Counsel was appointed to represent Makidon. In a colloquy with the trial court, Makidon admitted that he had spoken with his appointed attorney and that his attorney had reviewed the charging information with him. Further, Makidon admitted that he had asked his attorney any questions he had concerning the charge. Makidon told the trial court that he had no further questions for counsel, that he had decided how to proceed with the advice of counsel, and that he affirmatively wished to proceed despite counsel's absence from the courtroom. Thus, Makidon had the assistance of counsel at the plea stage despite counsel's absence from the actual plea hearing, and Makidon's guilty plea was not uncounseled.

■■■ In addition to not being deprived of his right to counsel, Makidon knowingly and voluntarily waived his counsel's presence from the plea hearing. *See Boyd*, 405 U.S. at 2. The trial court ascertained that Makidon knew about his Sixth Amendment rights, his right to have his counsel present, and his right to request a continuance until his counsel could be present. The trial court advised that he was not required to say anything at that time if he did not wish to do so. Makidon indicated his understanding but chose to plead guilty without his attorney being present.

Thus, the absence of Makidon's counsel from the 1964 plea hearing did not deprive Makidon of his Sixth Amendment rights because Makidon admits that counsel fulfilled his requirements. Even if counsel's presence was constitutionally required unless waived, the Michigan courts' decision that Makidon had knowingly and intentionally waived his right to the assistance of counsel at his plea hearing was not contrary to nor an unreasonable application of clearly established federal law.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order of May 26, 2000.