Conny MORITZ, Petitioner,

v.

Jeffrey WOODS, Respondent.

Case No. 2:07–CV–15369.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 21, 2012.

Conny Moritz, Kincheloe, MI, pro se.

Andrea M. Christensen, Michigan Department of Attorney General, Lansing, MI, for Respondent.

### OPINION AND ORDER CONDITIONALLY GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS

ARTHUR J. TARNOW, Senior District Judge.

■ Conny Moritz, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for kidnapping, M.C.L.A. 750.349; first-degree home invasion,

M.C.L.A. 750.110a(2); carrying a dangerous weapon with unlawful intent, M.C.L.A. 750.226; assault with a dangerous weapon, M.C.L.A. 750.82; and possession of a firearm in the commission of a felony, M.C.L.A. 750.227b.[1] This Court finds that petitioner did not knowingly and intelligently waive his Sixth Amendment right to be represented by his retained prepared counsel during a critical stage of his trial, namely, when the trial court was deciding whether or not to give a supplemental jury instruction to the deadlocked jury and when the deadlocked jury was given a supplemental jury instruction to continue with their deliberations. Because this is a structural error, the grant of habeas corpus is automatic. The petition for writ of habeas corpus is therefore **CONDITIONALLY GRANTED.**

### I. Background

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. Petitioner was originally sentenced on August 13, 2003 but was re-sentenced by the trial court on August 3, 2004. Petitioner's conviction was affirmed on appeal, but his case was remanded for re-sentencing. *People v. Moritz*, No. 251265, 258436, 2006 WL 2220966 (Mich.Ct.App. August 3, 2006);[2] *lv. den.* 477 Mich. 975, 725 N.W.2d 21 (2006).

Petitioner was re-sentenced on November 16, 2006. The Michigan appellate courts affirmed petitioner's re-sentencing.

---

**1.** When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Carson City Correctional Facility, but has since been transferred to the Chippewa Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D.Mich.2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. There-

fore, the Court substitutes Warden Jeffrey Woods in the caption.

**2.** In Docket # 251265, petitioner appealed his convictions and in Docket # 258436, petitioner appealed his first re-sentencing. Although the Michigan Court of Appeals consolidated the appeals, petitioner had different appellate attorneys represent him with respect to each of these appeals. (See this Court Dkt. ## 24–16; 24–18).

*People v. Moritz,* No. 275210 (Mich.Ct. App. January 10, 2008); *lv. den.* 480 Mich. 1190, 747 N.W.2d 302 (2008).

While petitioner's second appeal was pending in the state courts, petitioner filed an application for writ of habeas corpus. On January 3, 2008, the Court held the petition for writ of habeas corpus in abeyance pending the completion of petitioner's resentencing appeals in the Michigan Court of Appeals and Michigan Supreme Court. The Court also administratively closed the case. *See Moritz v. Lafler,* No. 2008 WL 62458 (E.D.Mich. January 3, 2008). On March 19, 2008, the Court amended its prior order of January 3, 2008 and held the petition in abeyance to permit petitioner to seek post-conviction review in order to exhaust additional claims. *Moritz v. Lafler,* No. 2008 WL 783751 (E.D.Mich. March 19, 2008).

Petitioner filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Moritz,* No. 2003–0991–FC (Macomb County Circuit Court, July 2, 2008). The Michigan appellate courts denied petitioner's post-conviction appeal. *People v. Moritz,* No. 286628 (Mich.Ct.App. March 4, 2009); *lv. den.* 485 Mich. 891, 772 N.W.2d 410 (2009).

On December 4, 2009, this Court reinstated the petition to the Court's active docket and permitted petitioner to file an amended petition for writ of habeas corpus, in which he seeks habeas relief on the following grounds:

I. Petitioner's Sixth Amendment right to confront the witness against him at trial was violated when the trial court found a witness unavailable for trial and allowed that witness' preliminary examination testimony to be read to the jury.

II. The court's imposition of sentence based on facts that were not found by a jury beyond a reasonable doubt violates the Fifth and Sixth Amendments of the United States Constitution, contrary to *Blakely v. Washington, U.S. v. Booker,* and *Apprendi.*

III. The trial court abused its discretion in ordering consecutive sentences.

IV. Petitioner is entitled to re-sentencing before a different judge where the sentencing judge continuously refuses to allow Petitioner allocution before pronouncing sentence.

V. The trial court violated Petitioner's Sixth Amendment constitutional right to counsel of choice when it replaced defense counsel without obtaining Petitioner's consent or waiver.

VI. Petitioner was denied his Sixth and Fourteenth Amendment constitutional right to counsel where his retained counsel was absent at a critical stage.

VII. Petitioner was denied his Sixth and Fourteenth Amendment right to the effective assistance of counsel where his trial counsel failed to (A) present the defenses that Petitioner had legal authority over complainant and consent; (B) move for the introduction of complainant's prior false allegations, and (C) do the above which, when considered cumulatively, prejudiced the Petitioner.

VIII. Petitioner was denied his Fourteenth Amendment due process right to a fair trial where the Prosecutor knowingly used false and perjured testimony.

IX. The Due Process Clause of the Fourteenth Amendment was violated where the Prosecutor failed to disclose favorable evidence.

X. Petitioner's due process rights were violated where his sentence was based on inaccurate information in violation of the Fourteenth Amendment which entitles him to re-sentencing.

XI. Petitioner was denied his Sixth and Fourteenth Amendment right to the effective assistance of appellate counsel where all three of his appellate counsels failed to raise habeas claims V through

X which establishes good cause for Petitioner's failure to raise those issues on direct review.

## II. Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir.1997). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409, 120 S.Ct. 1495. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11, 120 S.Ct. 1495.

## III. Discussion

A. **Claims # V and # VI. Petitioner was deprived of his Sixth Amendment right to counsel of choice during a critical stage of the proceedings and did not knowingly and intelligently waive his right to be represented by his retained counsel when the judge decided to give and gave the deadlocked jurors a supplemental jury instruction to continue with their deliberations without retained counsel being present.**

The Court will discuss petitioner's fifth and sixth claims first, because these are the claims that the Court is granting habeas relief on. Petitioner contends in these two related claims that he was denied his Sixth Amendment right to the counsel of his choice when the trial judge had another attorney whom petitioner did not choose to represent him stand in for retained counsel when the judge decided to give and gave the jurors a deadlocked jury instruction. Petitioner further contends that he did not knowingly and intelligently waive his Sixth Amendment right to counsel of his choice.

Respondent contends that petitioner's fifth and sixth claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion for relief from judgment and failed to show cause for failing to raise this issue in his appeal of right, as well as prejudice, as required by M.C.R. 6.508(D)(3). Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a

showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.

■ The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). "The Sixth Circuit has observed that 'there must be unambiguous state-court reliance on a procedural default for it to block' a federal court from reviewing a state court decision." *Stokes v. Scutt*, 821 F.Supp.2d 898, 906 (E.D.Mich.2011) (quoting *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir.2003) (citing *Gall v. Parker*, 231 F.3d 265, 321 (6th Cir.2000))). If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

■ The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v.*

*Howes*, 624 F.3d 286, 291 (6th Cir.2010). This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

■ The Macomb County Circuit Court judge, in rejecting petitioner's motion for relief from judgment, noted that pursuant to M.C.R. 6.508(D)(3), a court cannot grant postconviction relief if the motion alleges grounds that could have been raised on appeal, unless the defendant can show good cause for failing to previously raise the claim and actual prejudice from the irregularities. *People v. Moritz*, No. 2003–0991–FC, *2–3 (Macomb County Circuit Court, July 2, 2008). With respect to petitioner's fifth and sixth claims, the trial judge refused to address either claim, because either claim could have been raised in any of petitioner's prior appeals. *Id.*, at p. 4. Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's fifth and sixth claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson*, 509 F.3d 284, 292–93 (6th Cir. 2007); *See also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir.2005).

■ When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice". *Coleman v. Thompson*, 501 U.S. 722, 750–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

■ Petitioner contends that any procedural default should be excused because of the ineffective assistance of his various appellate counsel in failing to raise these claims in any of his three appeals of right. Ineffective assistance of counsel is cause

for procedural default, but the doctrine of exhaustion requires that such claim be presented to the state courts as an independent claim before it can be used to establish cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451–52, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Murray v. Carrier*, 477 U.S. 478, 488–489, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). If petitioner can show that he received ineffective assistance of appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his fifth and sixth claims on his direct appeals in the state courts. *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir.2000). Additionally, petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F.3d at 291; *Hicks v. Straub*, 377 F.3d 538, 558, n. 17 (6th Cir. 2004). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, the Court must consider the merits of these claims. *See Cameron v. Birkett*, 348 F.Supp.2d 825, 836 (E.D.Mich.2004). The failure to raise a Constitutional claim as strong as the absence of counsel as in this case is ineffective assistance of appellate counsel.

▇▇▇▇▇ The Sixth Amendment guarantees the accused in a criminal prosecution the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* sets forth a two-part test for assessing claims of ineffective assistance. First, did the attorney make

errors "so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment," 466 U.S. at 687, 104 S.Ct. 2052. To establish deficient performance under this prong of *Strickland,* the defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Id.,* at 688, 104 S.Ct. 2052. The second prong of *Strickland* examines whether the defendant was prejudiced by counsel's deficient performance. To meet the prejudice standard, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir.2005).

▇▇▇▇ Moreover, in assessing whether a claim of ineffective assistance satisfies the "cause" requirement of *Coleman,* a less stringent standard of review is applied than when reviewing an independent freestanding ineffective assistance of counsel claim pursuant to the deferential standard of review found in 28 U.S.C. § 2254(d). The question for the federal habeas court is not whether the state court's decision was unreasonable, but whether there was there an independent Sixth Amendment violation under *Strickland.* Stated differently, the level of scrutiny is the same as would be applied on direct review. *See Joseph v. Coyle,* 469 F.3d 441, 459 (6th Cir.2006).

In the present case, petitioner retained Rickey J. Nelson to represent him at trial.[3]

---

3. Respondent does not contest in his answer that petitioner retained Mr. Nelson to represent him at trial. The Court will therefore accept the factual allegations contained within the habeas petition that Mr. Nelson was

retained and not appointed, because the respondent has not disputed this allegation in his answer. *See Cristini v. McKee,* 526 F.3d 888, 894, n. 1 (6th Cir.2008) ("When a state's

However, after beginning their deliberations, the jurors sent the judge a note indicating that they were at a stalemate and were unable to reach a verdict. The judge indicated on the record that he had Cecil St. Pierre standing in for Mr. Nelson, who had "been detained". The judge was deciding whether or not to give the deadlocked jury instruction to the jurors and when to do so. Mr. St. Pierre requested a mistrial on the grounds that the jury was deadlocked, which the court denied. (Tr. 7/15/2003, pp. 3–6). The trial judge denied the request and read the jurors the deadlocked jury instruction, namely, to continue with their deliberations. (*Id.*, pp. 6–8). Significantly, however, the judge never asked petitioner whether he wished to have his retained counsel Mr. Nelson present for the deadlocked jury instruction or whether he agreed to waive Mr. Nelson's presence and have Mr. St. Pierre represent him when the jury was given the deadlocked jury instruction. (*Id.*, pp. 3–14).[4]

■■■■ Before ruling on the merits of petitioner's underlying fifth and sixth claims, this Court notes that neither the Macomb County Circuit Court nor the Michigan appellate courts ever addressed the merits of these two claims. When a state court fails to adjudicate a habeas petitioner's claim on the merits, federal habeas review is not subject to the deferential standard contained in § 2254(d) and a federal court is required to review that claim *de novo*. *See Cone v. Bell,* 556 U.S. 449, 129 S.Ct. 1769, 1784, 173 L.Ed.2d 701 (2009); *Wiggins v. Smith,* 539 U.S. 510, 534, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); *See also McKenzie v. Smith,* 326

F.3d 721, 726 (6th Cir.2003). In the present case, the Macomb County Circuit Court declined to address the merits of petitioner's fifth and sixth claims that he raised in his post-conviction motion and the Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's applications for leave to appeal by form order. In this case, "there are simply no results, let alone reasoning, to which this court can defer. Without such results or reasoning, any attempt to determine whether the state court decision 'was contrary to, or involved an unreasonable application of clearly established Federal law,' 28 U.S.C. § 2254(d)(1), would be futile." *McKenzie,* 326 F.3d at 727; *See also Maples v. Stegall,* 340 F.3d 433, 437 (6th Cir.2003) (Michigan courts' failure to consider the petitioner's ineffective assistance of counsel claims rendered the AEDPA's deferential standard of review inapplicable, thus, the Sixth Circuit would review petitioner's claims under a *de novo* standard); *Daniel v. Palmer,* 719 F.Supp.2d 817, 825–26 (E.D.Mich.2010) (same). Accordingly, this Court cannot apply the deferential standard of review contained in the AEDPA but must review *de novo* petitioner's fifth and sixth claims.

The U.S. Supreme Court has clearly established that the complete denial of counsel during a critical stage of a judicial proceeding mandates a presumption of prejudice. *Roe v. Flores–Ortega,* 528 U.S. 470, 483, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Penson v. Ohio,* 488 U.S. 75, 88, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

---

return to a habeas corpus petition fails to dispute the factual allegations contained within the habeas petition, it essentially admits these allegations").

**4.** Petitioner has attached a partial transcript from July 15, 2003 to his petition for writ of habeas corpus. See Petitioner's Appendix D. A complete transcript from July 15, 2003 has been included with the Rule 5 materials. (See Dkt. # 24–12).

■ The existence of certain structural defects in a trial, such as the deprivation of the right to counsel, requires automatic reversal of the conviction because it infects the entire trial process. *Brecht v. Abrahamson*, 507 U.S. 619, 629–30, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The U.S. Supreme Court has routinely found constitutional error without any specific showing of prejudice to a defendant when counsel is either totally absent, or prevented from assisting the accused during a critical stage of the proceedings. *Cronic*, 466 U.S. at 659, n. 25, 104 S.Ct. 2039; *United States v. Minsky*, 963 F.2d 870, 874 (6th Cir. 1992).

■ The giving of a supplemental jury instruction is a critical stage of the criminal proceeding. *See Rushen v. Spain*, 464 U.S. 114, 119, n. 4, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983); *See also French v. Jones*, 332 F.3d 430, 438–39 (6th Cir.2003). Re-instructing a jury is also a critical stage of the proceedings for purposes of the Sixth Amendment right to counsel. *See Caver v. Straub*, 349 F.3d 340, 350 (6th Cir.2003). The decision whether or not to give a supplemental instruction and the giving of an instruction to a deadlocked jury to continue with their deliberations are critical stages of the proceedings for purposes of the Sixth Amendment. *French v. Jones*, 332 F.3d at 438.

■ In the present case, the trial judge gave the deadlocked jury a supplemental instruction to continue in their deliberations. This is a critical stage of the proceedings for purposes of petitioner's Sixth Amendment right to counsel. Although petitioner did have a stand-in attorney represent him, petitioner's counsel of choice was not present when the judge instructed the jurors to continue deliberating. One element of the Sixth Amendment right to counsel is the right of a defendant who does not require appointed counsel to choose who will represent him or her.

*U.S. v. Gonzalez–Lopez*, 548 U.S. 140, 144, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (citing *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)). Indeed, "[t]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Id.* (citing *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624–25, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989)). Where a criminal defendant's right to be assisted by counsel of one's choice is wrongly denied, it is unnecessary for a reviewing court to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation. *Id.* at 148, 126 S.Ct. 2557: "Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id.*

■ Moreover, there is nothing from the record to indicate that stand-in counsel had any opportunity to meet with petitioner to discuss the facts of the case in any meaningful way nor is there any indication that stand-in counsel was prepared to address the judge's suggestion to give the jurors a deadlocked jury instruction. In fact, it appears that stand-in counsel had only minimal time to decide how to respond to the judge's decision to instruct the jurors to continue with their deliberations. In fact, while discussing whether or not the jury should be given the deadlocked jury instruction, Mr. St. Pierre, petitioner's stand-in counsel, noted that petitioner's retained counsel "knows the circumstances of this case, he'd probably be in a better position to handle that issue." (Tr. 7/15/2003, p. 6). A defendant is constructively denied the assistance of

counsel in situations in which a defendant is appointed counsel in a manner that results in minimal preparation time, inadequate opportunity for counsel to meet and consult privately with the defendant, and a rushed decision-making process. *See United States v. Morris,* 470 F.3d 596, 601–02 (6th Cir.2006). Stand-in counsel's remarks demonstrate his unfamiliarity with the issues of the case and his lack of preparation. Stand-in counsel's lack of knowledge about the case and the obvious lack of adequate preparation time amounted to a constructive denial of counsel for petitioner.

 Finally, there is nothing from the record to indicate that petitioner voluntarily waived his right to have his retained counsel present when the deadlocked jury was instructed to continue deliberating or that he agreed to be represented by Mr. St. Pierre. The United States Supreme Court has held that a waiver of the Sixth Amendment right to counsel is valid only when it reflects "an intentional relinquishment or abandonment of a known right or privilege." *Patterson v. Illinois,* 487 U.S. 285, 292, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988) (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). In other words, the accused must "know what he is doing" so that "his choice is made with eyes open." *Adams v. United States ex rel. McCann,* 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942). A waiver of a right to a lawyer will not be lightly presumed and a trial judge must indulge every reasonable presumption against a waiver. *Brewer v. Williams,* 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); *Boyd v. Dutton,* 405 U.S. 1, 2, 92 S.Ct. 759, 30 L.Ed.2d 755 (1972); *Johnson v. Zerbst,* 304 U.S. at 464, 58 S.Ct. 1019. Moreover, a court cannot presume a valid waiver of counsel from a silent record. *See Burgett v. Texas,* 389 U.S. 109, 114–15, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Indeed, a trial court's determination as to the propriety of a defendant's waiver of his Sixth Amendment right to counsel should appear on the record. *See Fowler v. Collins,* 253 F.3d 244, 249 (6th Cir.2001) (citing *Johnson,* 304 U.S. at 465, 58 S.Ct. 1019). Therefore, "A defendant's waiver of his right to counsel must be made on the record knowingly, intelligently, and voluntarily." *Id.* Doubts about whether there has been a waiver must be resolved in favor of the Sixth Amendment. *See Michigan v. Jackson,* 475 U.S. 625, 633, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986); *overruled on other grds. by Montejo v. Louisiana,* 556 U.S. 778, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009). In order to establish that a defendant validly waived the right to counsel, the state bears a heavy burden of proving that the waiver was voluntary, knowing, and intelligent. *Brewer v. Williams,* 430 U.S. at 403, 97 S.Ct. 1232.

 In the present case, petitioner's retained counsel was absent when the judge instructed the deadlocked jury to continue deliberating. Moreover, there is nothing in the record which would lead this Court to conclude that petitioner knowingly and intelligently waived his right to have counsel of choice present when the judge instructed the jurors to continue with their deliberations. In light of the strong presumption against waiver of the constitutional right to counsel, this Court finds that petitioner did not clearly and unequivocally waive his Sixth Amendment right to counsel of choice and was therefore deprived of the right to be represented by his retained counsel during a critical stage of the proceedings. Moreover, because petitioner's fifth and sixth claims involving the denial of the right to be represented by counsel of his choice

during a critical stage of the proceedings in the absence of a valid waiver are meritorious, petitioner's three different appellate counsel were ineffective for failing to raise these claims on petitioner's direct appeals, so as to provide petitioner cause and prejudice for failing to raise his fifth and sixth claims on his direct appeals and thus to excuse the procedural default. *See McFarland v. Yukins*, 356 F.3d 688, 712 (6th Cir.2004).[5]

The Court further finds that because petitioner was deprived of the counsel of his choice during a critical stage of the proceedings, reversal of his conviction is automatic. Petitioner is entitled to the issuance of a conditional writ of habeas corpus. The Court will therefore grant petitioner a writ of habeas corpus conditioned upon the State of Michigan retrying him within 90 days of this Court's decision.

Because this Court's conclusion that petitioner is entitled to habeas relief on his claim involving the denial of counsel is dispositive of the petition, the Court considers it unnecessary to review petitioner's other claims and declines to do so. *See Satterlee v. Wolfenbarger*, 374 F.Supp.2d 562, 567 (E.D.Mich.2005).

### IV. *ORDER*

**IT IS HEREBY ORDERED that Petitioner's application for writ of habeas corpus is conditionally granted. Unless the state takes action to afford Petitioner a new trial within ninety days of the date of this opinion, he may apply for a writ ordering respondent to release him from custody forthwith.**

---

5. As mentioned above, petitioner initially filed two separate appeals of right, one which challenged his conviction and the second which challenged his initial resentencing by the trial court. After petitioner's case was remanded to the trial court and petitioner was again resentenced, petitioner was afforded a third appeal of right. (This Court's Dkt. # 24–20).